# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FLORENCE MURPHY
on behalf of A.M.,

        Plaintiff,

v.                                                                 Case No. 8:24-cv-1426-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I.  Status

Florence Murphy ("Plaintiff"), on behalf of A.M., a minor ("Claimant") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that Claimant is not disabled and therefore is ineligible for child's supplemental security income ("SSI"). Claimant's alleged disability is based upon "asthma, allergies, and vision problems." Transcript of

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September 10, 2024, at 53, 59. The SSI application was protectively filed on May 24, 2021, with the alleged disability onset date being December 5, 2013.[3] Tr. at 190-200. The application was denied initially, Tr. at 52, 53-58, 67-70, and upon reconsideration, Tr. at 59-64, 65, 93-95. On August 15, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Claimant's grandmother, Plaintiff, who appeared with counsel. See Tr. at 37-51. At the time of the hearing, Claimant was in the fifth grade. Tr. at 42. The ALJ issued a Decision on January 8, 2024, finding Claimant "has not been disabled . . . since May 24, 2021, the date the application was filed." Tr. at 23, 11-24 (citation omitted).

Plaintiff requested review of the Decision by the Appeals Council and submitted additional medical evidence. Tr. at 2, 5-6 (exhibit list and Orders), 188-89 (request for review). On April 9, 2024, the Appeals Council denied the request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On June 12, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

---

[3] Although actually filed on June 15, 2021, Tr. at 190, the protective filing date is listed elsewhere in the administrative transcript as May 24, 2021, Tr. at 53, 59.

Plaintiff on appeal argues the ALJ erred "in failing to adequately[] evaluate whether [] Claimant met or equal[ed] listing 103.02 of the Social Security Regulations Listing of Impairments." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 22; "Pl.'s Mem."), filed January 7, 2025, at 7 (emphasis and capitalization omitted). On March 4, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 26; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II.  **The Disability Evaluation Process for Children**

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet,

medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations. Shinn, 391 F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories." Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the

limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quotation omitted); see 20 C.F.R. § 416.926).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in two of the domains [above], or an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III.   The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 12-23. At step one, after recognizing Claimant "was a

preschooler on May 24, 2021, the date the application was filed, and is currently a school-age child," the ALJ determined that Claimant has "not engaged in substantial gainful activity since . . . the application date." Tr. at 12 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant suffers from "the following severe impairment: asthma." Tr. at 12 (emphasis and citation omitted).

At step three, the ALJ found that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 12 (emphasis and citation omitted). The ALJ then determined that "[C]laimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. at 13 (emphasis and citation omitted). In terms of the six major domains of life, the ALJ ascertained the following: Claimant has "no limitation in acquiring and using information"; "no limitation" in "[a]ttending and completing tasks"; "no limitation" in "[i]nteracting and [r]elating with others"; "less than a marked limitation in moving about and manipulating objects"; "no limitation in the ability to care for herself"; and "marked limitation in health and physical wellbeing." Tr. at 19-23 (some emphasis omitted). Accordingly, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that functionally equals a listing, because [C]laimant does not have either 'marked' limitations in two

domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 23.

The ALJ concluded that "[C]laimant has not been disabled . . . since May 24, 2021, the date the application was filed." Tr. at 23 (emphasis and citation omitted).

## IV.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence— even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V. Discussion

Plaintiff argues the ALJ erred in failing to adequately evaluate whether Claimant met or equaled Listing 103.02. Pl.'s Mem. at 7-9. Recognizing that her representative only argued during the hearing that Claimant met Listing 103.03, see Tr. at 41, Plaintiff nevertheless contends that Listing 103.02 should have been at issue, Pl.'s Mem. at 7-9. Responding, Defendant argues Plaintiff failed to meet the burden of proving Claimant's impairments met or equaled Listing 103.02. Def.'s Mem. at 5-11.

Listing 103.02 addresses chronic respiratory disorders resulting from any cause except cystic fibrosis. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 103.02. Part A of the Listing identifies $FEV_1$ values, or "forced expiratory volume in the first second of a forced expiratory maneuver." See 20 C.F.R. pt. 404, subpt. P, app. 1, § 103.00(C). The introduction to the Listing explains that these values

are derived from spirometry tests,[4] and that there are certain requirements if spirometry test results are to be considered under the listings for respiratory disorders. Id. at § 103.00E(3).

Here, Plaintiff cites numerous $FEV_1$ values appearing in the administrative transcript, but she admits there is "insufficient evidence to establish [Claimant] precisely met [L]isting 103.02(a) because the spirometry tests were not performed according to the [L]isting." Pl.'s Mem. at 8. She contends, however, that with a "reasonable possibility th[at C]laimant met the listing or at least equaled the listing," the ALJ should have obtained the services of a medical expert or a consultative examination. Id. at 8-9.

The ALJ explained—accurately—that "[n]o treating or examining physician has mentioned findings, either singularly or in combination, equivalent in severity to the criteria of any listed impairments." Tr. at 13. The ALJ also found that the state-agency consultants "implicit[ly] recogn[ized] that they have considered and ruled out a finding that a medical listing was either met or equaled." Tr. at 13; see Tr. at 54-57, 61-64. Although "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient

---

[4] Spirometry measures how well an individual "move[s] air in and out of [his or her] lungs. 20 C.F.R. pt. 404, subpt. P, app. 1, § 103.00(E). It "involves at least three forced expiratory maneuvers during the same test session." Id.

- 9 -

evidence for the [ALJ] to make an informed decision." <u>Ingram v. Comm'r of Soc. Sec.</u>, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing <u>Doughty</u>, 245 F.3d at 1281). Especially in light of Plaintiff's focus during the hearing on a Listing that is not now at issue, the ALJ did not err here in electing not to order a consultative examination or expert opinion regarding Listing 103.02. Moreover, the ALJ's Decision makes clear that, although he did not specifically cite Listing 103.02, he considered whether Claimant met or equaled any of the Listings and found she did not. Tr. at 12-13. The ALJ did not err.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record